IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jimmie Craig Daniels, | ) | C/A No.: 4:10-1692-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Mandy Michelle Beasley Daniels, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

Plaintiff Jimmie Craig Daniels, proceeding pro se, brings this civil action against his wife for allegedly forging his name on his Social Security checks. Plaintiff is an inmate at the Federal Correctional Institution in Ashland, Kentucky, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to dismissal). For the reasons that follow, the undersigned recommends that the district court dismiss this case without prejudice and without issuance and service of process.

I.  Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the

statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

II. Discussion

Plaintiff states that he was detained on July 10, 2007, and has been incarcerated since.. *See* Entry #1-2, p. 3. Plaintiff was receiving Social Security checks at his home address. *Id.*

2

Plaintiff states that "[a]fter my incarceration Mandy (my wife) changed my address by going to the Post Office" in July of 2007. *Id.* Plaintiff's parents informed him that his social security check was not being received. *Id.* Although Plaintiff's brother called the Social Security Office to have the checks discontinued, the checks continued to be issued "for several months." *Id.* According to Plaintiff, "[d]uring this time, Mandy was receiving, and forging the checks." *Id.* Plaintiff believes Defendant forged "at least ten (10) checks" totaling an amount between ten and fifteen thousand dollars. *Id.* at 4. Plaintiff asks the court to order Defendant to pay back the amount of checks she allegedly forged. *Id.* at 5.

In order for this court to hear and decide a case, the court must first have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. Proc. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

3

A plaintiff must allege the facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985). To this end, Fed. R. Civ. Proc. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d at 399 (citations omitted). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court lacks subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331; and (2) diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. The allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this court's limited jurisdiction. First, this Complaint fails to satisfy the requirements of the diversity statute, 28 U.S.C. § 1332(a), which requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a

citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 & nn. 13–16 (1978).

The instant Complaint indicates that the Defendant is a resident of Georgia. Compl. at 2. Prior to his imprisonment, Plaintiff was a resident of South Carolina, and he indicates an intention to return to South Carolina upon his release from federal custody. [*See* Entry #14]. Therefore, for purposes of diversity jurisdiction, Plaintiff's residence is considered to be South Carolina. *See Roberts v. Morchower*, No. 91-7688, 1992 WL 42885, *1 (4th Cir. March 4, 1992) ( "[A] prisoner's domicile is presumed to be where he was domiciled prior to incarceration. Although this presumption may be rebutted by an inmate's intention to change domicile") (citations omitted). However, despite the parties' diversity of citizenship, Plaintiff's Complaint indicates that he is seeking reimbursement in an amount between ten and fifteen thousand dollars. Compl. at 4. Further, Plaintiff's Special Interrogatory Answers clearly state that he is not seeking more than $75,000 in monetary damages. [Entry #14] . Thus, Plaintiff fails to meet the amount in controversy requirement, and the court lacks diversity jurisdiction over the action.

Second, the essential allegations contained in the Complaint do not state a claim cognizable under this court's federal question jurisdiction. Plaintiff's Complaint involves a dispute with his wife over her alleged forgery of his social security checks. Generally, such disputes are a matter of state law to be heard in the state courts, unless diversity of citizenship

is present. Additionally, Plaintiff makes no reference to any federal statute or constitutional provision in the Complaint and provides no facts to support any type of federal claim.

Although a court must liberally construe a pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994). While a plaintiff is not required to plead facts sufficient to prove the case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief, and this court is not required to develop tangential claims from scant assertions in the complaint. *See Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003); *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). As Plaintiff fails to provide sufficient facts to establish federal jurisdiction over this Complaint, the case is subject to summary dismissal.

III. Conclusion

Accordingly, it is recommended that the district court dismiss the above-captioned case without prejudice and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

October 6, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**