IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jimmie Craig Daniels, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 4:10-cv-1692-TLW-SVH |
| ) | |
| Mandy Michelle Beasley Daniels, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

# ORDER

On June 30, 2010, the plaintiff, Jimmie Craig Daniels ("plaintiff"), brought this civil action, pro se, against his wife for allegedly forging his name on his Social Security checks. (Doc. # 1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges to whom this case had previously been assigned. (Doc. # 17). In the Report, the Magistrate Judge recommends that the District Court dismiss this case without prejudice and without issuance of service of process. (Doc. # 17). The plaintiff filed objections to the Report. (Doc. # 19). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not

1

objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Magistrate Judge recommends dismissal because the Court lacks federal subject matter jurisdiction over the plaintiff's claims. The Magistrate Judge recommends a finding that diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000. (Doc. # 17). Along with his objections, the plaintiff filed amended answers to the special interrogatories that he was directed to answer by the Court. (Doc. # 19, Attach. 1). In these amended answers, the plaintiff states he is seeking more than $75,000 in damages. (Doc. # 19, Attach. 1). The Magistrate Judge also recommends a finding that federal question jurisdiction does not exist over the plaintiff's claims. (Doc. # 17). In his objections, the plaintiff refers to various federal statutes and asserts that based on these statutes federal jurisdiction exists over his claims. (Doc. # 19).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report (Doc. # 17) and objections thereto (Doc. # 19), the Court remands this case to the Magistrate Judge for a determination of whether federal jurisdiction exists over the plaintiff's claims in light of the assertions made by the plaintiff in his objections to the Report.

**IT IS SO ORDERED**.

                                                       s/Terry L. Wooten
                                                  United States District Judge

June 2, 2011
Florence, South Carolina