IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jimmie Craig Daniels, ) | C/A No.: 4:10-1692-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Mandy Michelle Beasley Daniels, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, proceeding pro se and in forma pauperis, brings this civil action against his wife for allegedly forging his name on his Social Security checks. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district court. For the reasons that follow, the undersigned recommends that the district court dismiss this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff states that he was detained on July 10, 2007, and has been incarcerated since. [Entry #1-2 at 3]. Plaintiff alleges he was receiving Social Security checks at his home address, but states that "[a]fter my incarceration Mandy (my wife) changed my address by going to the Post Office" in July of 2007. *Id*. According to the amended complaint, Plaintiff's parents informed him that his social security check was not being received. *Id.* Plaintiff alleges that although his brother called the Social Security office to

have the checks discontinued, the checks continued to be issued "for several months." *Id*. According to Plaintiff, "[d]uring this time, Mandy was receiving, and forging the checks." *Id*. Plaintiff believes Defendant forged "at least ten (10) checks" totaling an amount between ten and fifteen thousand dollars. *Id*. at 4. Plaintiff asks the court to order Defendant to pay back the amount of checks she allegedly forged. *Id*. at 5.

Plaintiff's initial submission in this matter was a document entitled "Notice of Intent to File Lawsuit" indicating he intended to bring suit against Defendant "for the unlawful changing of my address, which led to [Defendant] forging [Plaintiff's] S.S.I. checks." [Entry #1], but contained no further factual allegations. The court directed Plaintiff to submit a complaint in proper form, and, because Plaintiff's initial filing was unclear regarding the jurisdiction of the court, to answer the court's special interrogatories related to jurisdiction. [Entry #9]. Plaintiff properly submitted an amended complaint [Entry #1-2] and answers to the interrogatories [Entry #1-3]. In response to interrogatory #3, Plaintiff indicated that he was not seeking more than $75,000 in this case.

Based on Plaintiff's responses to the special interrogatories submitted with his amended complaint, the undersigned recommended his case be dismissed without issuance and service of process because the amended complaint did not present a federal question and the amount in controversy for diversity jurisdiction was not met. *See* Report and Recommendation ("Report") at 4–6 [Entry #17]. Plaintiff objected to the Report and submitted Amended Answers to Special Interrogatories, indicating that he is seeking

2

greater than $75,000 in damages. [Entry #19-2]. In addition, Plaintiff cited several federal criminal statutes in his objections that he argues provide federal question jurisdiction. [Entry #19]. The Honorable Terry L. Wooten remanded the case to the undersigned for a determination of jurisdiction in light of Plaintiff's objections.

II.     Analysis

   A.     Diversity Jurisdiction

In order to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity of citizenship and the amount in controversy must exceed $75,000. The question before the court is whether Plaintiff's amendment to his interrogatory answers indicating that he seeks more than $75,000 is sufficient to provide diversity jurisdiction in this case.

The amount in controversy in measured at time that an action is commenced in federal court or arrives by way of removal. 14AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 3702.4 (4th ed. 2011); *Cunningham v. Ford Motor Company*, 413 F.Supp. 1101, 1103 (D.S.C. 1976) ("The right to recover the jurisdictional amount must exist at the time of the institution of the suit in federal court . . ."). In the instant case, Plaintiff's first mention of damages states: (1) that the amount allegedly forged totals between ten and fifteen thousand dollars; and (2) that he seeks to have Defendant repay the total amount of the checks forged. [Entry #1-2 at 3]. Additionally, upon the court's clarification of the amount Plaintiff sought at the time he filed his complaint, Plaintiff indicated he was not seeking more than $75,000. Because it

is clear that the amount in controversy did not exceed $75,000 at the time Plaintiff commenced this action, Plaintiff's amendment to his interrogatory answers in his objections to the Report does not provide jurisdiction.  For the same reason that the court does not recognize parties' post-removal stipulations reducing the amount in controversy to defeat jurisdiction, the court should not recognize post-filing stipulations increasing the amount in controversy to create jurisdiction.  Both unfairly manipulate judicial proceedings.  *See Purple Passion, Inc. v. RCN Telecom Servs., Inc.*, 406 F.Supp.2d 245, 247 (S.D.N.Y. 2005) (noting that a post-removal amendment stripping jurisdiction facilitates "gamesmanship, and the resulting ping-ponging of cases from state to federal court and back again, should not be permitted").  Therefore, because the amount in controversy was not met at the commencement of this action, the undersigned submits that the court may not exercise its diversity jurisdiction in this matter.

    B.    Plaintiff's Claims Under Federal Criminal Statutes

Plaintiff separately argues that Defendant has violated federal criminal statutes and this court therefore has jurisdiction of this matter.  However, to the extent Plaintiff seeks to assert federal crimes under Title 18 of the United State Code, his claims must also be dismissed.  A private citizen does not have a judicially-cognizable interest in the prosecution or non-prosecution of another person.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S. v. Richard D.* and collecting cases).  Because Plaintiff does not have a judicially-cognizable interest in the criminal prosecution of another person, he lacks standing to

4

raise such a claim. *Linda R.S. v. Richard D.*, *supra,* 410 U.S. at 619. Additionally, Plaintiff has alleged no civil cause of action arising under federal law in this matter. Therefore, the undersigned submits that federal question jurisdiction does not exist in this matter.

III.    Conclusion

For the foregoing reasons, it is recommended that this matter be dismissed, without issuance and service of process.

IT IS SO RECOMMENDED.

September 22, 2011                              Shiva V. Hodges
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**