IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jimmie Craig Daniels, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 4:10-cv-1692-TLW-SVH |
| ) | |
| Mandy Michelle Beasley Daniels, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# ORDER

The plaintiff, Jimmie Craig Daniels ("plaintiff"), brought this civil action, pro se, on June 30, 2010. (Doc. # 1). On December 7, 2011, this Court entered an Order accepting a Report and Recommendation issued by the Magistrate Judge assigned to this case and dismissing this action without prejudice and without issuance and service of process. (Doc. # 34). Before the Court is the plaintiff's motion, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the judgment entered. (Doc. # 37).

Federal Rule of Civil Procedure 59(e) provides that:

A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, the United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d

1

396, 403 (4th Cir. 1998). Thus, Rule 59(e) "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Id. (quoting Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. "Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party 'must produce a legitimate justification for not presenting the evidence during the earlier proceeding.'" Id. (quoting Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" Id. (quoting 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

After careful consideration, this Court finds that the plaintiff has not sufficiently demonstrated he is entitled to relief under Rule 59(e) as all of the arguments raised in the plaintiff's motion could have been raised prior to the entry of judgment. See Pac. Ins. Co., 148 F.3d at 403. Therefore, the plaintiff's motion to alter or amend the judgment (Doc. # 37) is **DENIED**.

    **IT IS SO ORDERED.**

    s/Terry L. Wooten
    TERRY L. WOOTEN
    United States District Judge

February 2, 2012

Florence, South Carolina